DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone (702) 388-6336
Facsimile (702) 388-6787
Michael.Humphreys@usdoj.gov
Counsel for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>)<br>) 2:12-CR-391(LDG)(VCF)<br>) |
| v. | )<br>)<br>) |
| MARISSA LAPID, | )<br>) |
| Defendant. | )<br>)<br>) |

**GOVERNMENT'S AMENDED MOTION TO AMEND
ORDER ISSUED AT DEFENDANT'S CHANGE
OF PLEA HEARING TO PAY FORFEITURE
JUDGMENT TO THE CUSTOMS AND BORDER PROTECTION
DIVISION OF THE DEPARTMENT OF HOMELAND SECURITY**

On October 29, 2012, defendant, Marissa Lapid, was indicted on one count of bulk cash smuggling, in violation of 31 U.S.C. § 5332 and one count of conspiracy to structure transactions with the intent to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(3). At her change of plea hearing that occurred on October 29, 2012, the defendant pled guilty to both counts of the indictment. This Court also entered a preliminary order of forfeiture against the defendant at that hearing. That preliminary

1 order of forfeiture ordered the defendant to forfeit $40,000.00 in United States currency
2 and also imposed a forfeiture money judgment against the defendant in the amount of
3 $159,700.00, pursuant to 31 U.S.C. §§5317(c)(1) and 5332(b)(2).  (The defendant had
4 agreed to the forfeiture amounts in her signed plea agreement with the United States.)

5      At her change of plea hearing, the defendant requested that she be permitted to pay
6 the forfeiture judgment of $149,700.00 prior to sentencing, and this Court granted that
7 request.

8      Court Clerk records indicate that on November 6, 2012, the defendant paid the
9 $149,700.00 forfeiture judgment with a check that she gave to the Clerk of this Court.
10 That check has been deposited into the registry of this Court.

11      On February 8, 2013, the United States filed a motion with this Court requesting
12 that it amend its Preliminary Order of Forfeiture directing the Clerk of the Court to
13 tender a check to United States Customs and Border Protection for $159,700.00 because
14 the United States Customs and Border Protection is the appropriate beneficiary of these
15 forfeiture funds.  This Court issued an order dated February 11, 2013, granting that
16 request.  A Customs and Border Protection representative appeared at the Clerk's office
17 on February 14, 2013, to execute that order, but was unable to do so.  Through that CBP
18 agent, the Clerk of this Court respectfully requested, that to vindicate its standard
19 operating procedures, this Court issue a further order that is slightly more specific in its
20 instructions regarding disbursal of the afore-referenced check.  (Apparently, these
21 additional detailed instructions are necessary, because the Clerk's office routinely mails
22 these checks to recipients.  However, for chain of custody purposes, the Customs and
23 Border Protection needs to physically retrieve the check.)

24      In addition, the appropriate amount of the check to be remitted by the Clerk's
25 office to the United States Customs and Border Protection is $149,7000.00, **not**

$159,700.00 as stated in the Government's initial motion and this Court's subsequent order.   We regret this scrivener's error.

As noted in our initial motion, the Immigrations and Customs Enforcement, Homeland Security Investigations is the federal agency that sponsored this criminal investigation; and it is the agency that should receive the proceeds that have been ordered forfeited by the Court so that those funds can be deposited into the appropriate Treasury Asset Forfeiture Fund account.  A check to receive these funds, in the amount of $149,700.00 should be made payable to the United States Customs and Border Protection which processes forfeitures for Homeland Security Investigations.

Pursuant to background, discussed above, we further request that this Court order that within five days of preparing this check, the Office of the Clerk for this Court will contact Customs and Border Protection Special Agent, Albert Giangregorio for the U.S. Customs and Border Protection to notify him of the availability of the above-referenced check.  Special Agent Giangregorio will pick up the check on behalf of the United States Customs and Border Protection within five business of being notified of its availability for pick-up by the Clerk's office.

Because the defendant has deposited this money with the registry of the Court, in satisfaction of the forfeiture judgment entered against her, she has no interest or stake in where the money is directed within the federal government. (We reiterate that, in any event, a copy of this motion has been served on defendant's counsel.)

If this Court does not order the payment of the forfeiture judgement to the Customs and Border Patrol, the money will remain in the registry of this Court, *ad infinitum,* rather

3

than in the United States Department of Treasury Asset Forfeiture Fund where it should be deposited.

For all of the foregoing reasons, the United States asks that this Court order that the Clerk of this Court, pay $149,700.00, drawn on the Clerk's Registry and made payable to Customs and Border Protection.  As outlined above, we also ask this Court to contact United States Customs and Border Protection Special Agent Albert Giangregorio, 702-412-1269, within five business days of preparing said check that it is available for pick-up.

                                      Respectfully submitted,

                                      DANIEL G. BOGDEN
                                      United States Attorney

                                      /s/ Michael A. Humphreys
                                      MICHAEL A. HUMPHREYS
                                      Assistant United States Attorney

                                    ORDER

IT IS SO ORDERED.

DATED this 21 day of February, 2013.

                                      _____
                                      Lloyd D. George
                                      Sr. U.S. District Judge